LEWIS W. KELLENBERGER & others *vs.* DANIEL STURTEVANT.

Previous to Rev. Sts. *c.* 73, a levy of execution upon real estate was void, unless it appeared from the officer's return and the certificate attached, that the oath was administered to the appraisers in the form required by the existing statute; but defects in the certificate might be aided by the recitals in the return.

A levy of an execution against two debtors upon the land of only one, is not void because the return states that one appraiser was chosen by " the debtor within-named," without specifying which debtor, if it sufficiently appears from the whole return that such appraiser was chosen by the debtor whose land was taken.

WRIT OF ENTRY.   The demandants claimed title by virtue of the levy of an execution against said Daniel Sturtevant and James Sturtevant, in favor of Elijah M. Paddleford.   The case turned upon the validity of this levy.   The officer's return thereon, so far as material, was as follows :

" Berkshire, ss.   June 17th, 1823.   The debtor within named failing to satisfy this execution by money or other specie, and the creditor within named finding no personal estate to his acceptance wherewith to satisfy this execution, and thinking proper to levy the same on the real estate of the within named Daniel Sturtevant to satisfy this execution and the judgment on which it was rendered, and all fees, I have this day caused Elisha Kingsley, yeoman, Nathan Putnam, Esq. and Obadiah Ingraham, yeoman, all of Adams and Savoy, in the county, and freeholders, being three disinterested and discreet men, to be duly sworn, faithfully and impartially to appraise according to their best skill and judgment, such real estate of the within named Daniel, as should be shown to them to satisfy this execution and all fees, as will appear by the foregoing certificate of the justice ; the said Elisha Kings-ley being chosen by the creditor's attorney or agent, the said Obadiah Ingraham by the debtor within named, and the said Nathan Putnam, Esq. by myself, and the aforesaid tract of land which is particularly bounded and described in the fol-lowing return of the said appraisers, having been shown to the said appraisers by the said Homer Bartlett, agent to said attor-ney or creditor, as the real estate of the said Daniel Sturte-

vant, and the said appraisers having this day reviewed the premises, appraised the same on their oaths, &c."

The certificate of the magistrates who administered the oath to the appraisers, and the certificate of the appraisers themselves, were as follows:

" Berkshire, ss.   May 27th, 1823.   Personally appeared, Obadiah Ingraham and Nathan Putnam, freeholders of said county, and made oath that they would appraise such real estate as should be shown to them to satisfy this execution at its present value in money, according to their best skill and judgment.   Before me, Edward Mason, justice peace."

" Berkshire, ss.   June 17th, 1823.   Personally appeared, Elisha Kingsley, and made oath that he would appraise such real estate as should be shown to him according to its present value in money, to satisfy this execution.   Before Nathan Putnam, justice peace."

" Berkshire, ss.   June 17th, 1823.   We, the subscribers, all freeholders within the said county of Berkshire, and having all been duly chosen, appointed, and sworn to the faithful and impartial appraisement of such real estate of the within named Daniel Sturtevant and James Sturtevant, as should be shown to us to be appraised, in order to satisfy this execution and all fees, have this day viewed a tract of land, lying in Savoy, in said county, shown to us by Homer Bartlett, the attorney of the within named creditor, as the estate of the within named Daniel Sturtevant, which said tract of land is bounded as follows, &c."

To the validity of this levy, the tenant objected because, 1. It did not appear that the appraisers were sworn according to law.   2. It did not appear that the debtor whose land was taken (Daniel Sturtevant) was notified to choose, or did choose one of the appraisers.   These objections were overruled by *Metcalf*, J. and the verdict was for the demandants. The tenant excepted to this ruling.

*J. C. Wolcott*, for the tenant.

*J. S. Page*, for the demandants.

DEWEY, J.   It is contended on the part of the tenant that the title of the demandants is defective, by reason of

14*

failure to comply with the statute provisions in reference to a levy on the real estate of the judgment debtor.

1. Because the appraisers were not duly sworn. As to this point, the levy having been made prior to the Revised Statutes, must be in conformity with the then existing laws. They required that it should appear from the return, and certificates attached to the same, that the oath had been administered in the form required by the statute. *Chamberlain* v. *Doty*, 18 Pick. 495. The form of the oath administered to Kingsley, one of the appraisers, as certified by the justice, does not conform to the statute, and unless aided by the certificate and return of the officer levying the execution, this would vitiate the levy. That this may be done, and that it is sufficient if the return of the officer, taken in connection with the certificate of the justice, shows the necessary forms to have been complied with, the case of *Cowls* v. *Hastings*, 9 Met. 476, is an authority in point. In that case a fatal defect in the certificate of the justice as to the oath was held to be obviated by the return of the officer, although the officer's return itself had a reference to the certificate of the justice. The return of the officer was held good for all that it contained, and reference was also allowed to be had to the certificate of the justice for other material facts stated in that, and not contained in the return of the officer. In the case *before us, the officer states in his return that the appraisers were duly sworn* " faithfully and impartially," &c., supplying the defect in the certificate of the justice. It appears by the return of the officer, that the form of oath was correct, and it appears from the certificate of the justice, that the oath to the appraisers was administered by a justice of the peace. So far as the two are in conflict in their recitals, the return of the officer is to control, but reference may be had to the certificate of the justice for proof of other facts not contained in the officer's return, as was held in case of *Cowls* v. *Hastings*, *supra*, and thus the levy be shown to have been properly made. *Shove* v. *Dow*, 13 Mass. 535, is to the point that the certificate of the officer is to control in the recital of what was done in making the levy of an execution.

2. The second objection taken to the validity of the levy is, that it does not appear that the debtor, Daniel Sturtevant, whose land was taken to satisfy the execution against him and one James Sturtevant, chose an appraiser, or having proper notice, refused and neglected to do so. The ground for sustaining this objection arises wholly from the circum- stance that there were two judgment debtors, Daniel Sturte- vant and James Sturtevant, and the want of certainty as to which the return refers, when it recites that " the said Obadiah Ingraham was chosen by the debtor within named," as one of the appraisers. Had there been but one debtor, the certi- ficate of the officer on this point would be quite sufficient, it is conceded. Looking at the whole return of the officer of his doings in making this levy, we think it sufficiently appears that Daniel Sturtevant, whose land was taken, was the person who chose the appraiser, Ingraham. The previous recital in the officer's return is, " the creditor thinking it proper to levy the execution on the real estate of the within named Daniel Sturtevant," and all the subsequent acts may properly be applied to him, his name alone being introduced, and not that of James Sturtevant. The oath as certified by the officer was, to appraise the land of Daniel Sturtevant, and to this succeeds his further return as to the choice of the appraisers, that " the said Obadiah Ingraham was chosen by the debtor," which, from its connection with the whole return, must be taken to mean, being chosen by Daniel Sturtevant. Giving this construction to the return, there is no ground for the supposed objection from this source.

*Judgment for the demandants.*

There was also an action of trespass *quare clausum* between the same parties, involving the same questions of law, in which judgment was entered for the plaintiffs.